UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| SHANE SNOWDEN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-CV-2367 |
| ) | |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA and ) | |
| AMERICAN EAGLE OUTFITTERS, ) | |
|     Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Life Insurance Company of North America ("LINA") hereby gives notice of the removal of this action to this Court from the District Court of Douglas County, Kansas. The grounds for removal are as follows:

1. On August 4, 2022, Plaintiff filed a Petition in the District Court of Douglas County, Kansas, in an action entitled *Shane Snowden v. Life Insurance Company of North America and American Eagle Outfitters*, No. 2022-CV-00270 (the "Action").

2. Defendant has no record of the Action being served on it. In any event, the Action was served on Defendant no earlier than August 18, 2022. A copy of the State Court File, including a request for summons dated August 18, 2022, is attached as Exhibit A.

3. Accordingly, less than 30 days have elapsed since service by Plaintiff on LINA or the first receipt by LINA through service or otherwise of a copy of a pleading setting forth a claim for relief upon which the Action is based.

4. This case involves a claim for disability benefits under a "welfare benefit plan," as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA").

5. Plaintiff's Petition has the following claims: (1) breach of contract, seeking LTD and STD benefits; (2) benefits due under ERISA for LTD and STD benefits; (3) breach of fiduciary duty; and (4) breach of duty of good faith and fair dealing.

6. Removal jurisdiction exists based on 28 U.S.C. § 1441(a), which provides that a defendant may remove any civil action filed in a state court of which the district courts of the United States have original jurisdiction. Original jurisdiction in this case exists by reason of 28 U.S.C. §§ 1331 and 1332. Plaintiff's claims related to the provision of LTD benefits (if any) arise under a law of the United States (*i.e.,* ERISA). Claims related to the provision of STD benefits (if any) qualify for supplemental jurisdiction under 28 U.S.C. § 1367(a). Also, there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Shane Snowden was a "participant" in an employee "welfare benefit plan" (the "Plan"), and Plaintiff was a "beneficiary" of the Plan, as those terms are defined in ERISA. *See* 29 U.S.C. § 1002(1), (7) & (8).

8. The Plan provides certain benefits, including the LTD benefits sought by Plaintiff (the "Plan Benefits"). The Plan Benefits are provided pursuant to an insurance contract issued by LINA to Shane Snowden's former employer, American Eagle Outfitters. The insurance contract funds the benefits available under the Plan.

9. Plaintiff would be entitled to the Plan Benefits, if at all, only by virtue of the fact that he is a beneficiary of the Plan. Any and all state law claims for the Plan Benefits asserted by Plaintiff in the Action are completely preempted and replaced by a claim under § 502(a)(1)(B) of ERISA. Accordingly, Plaintiff's only cognizable claim (if any) is to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his

rights to future benefits under the terms of the plan," under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

10. To the extent that any claim does not arise under a law of the United States, this Court may exercise supplemental jurisdiction over any such claim as any such claim would be so related to claims in the Action within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). Plaintiff seeks as award of LTD and STD benefits arising from the same alleged condition. All claim decisions at issue were made by LINA as administrator of the relevant plans.

11. Plaintiff alleges in his Petition to be a resident of Kansas and is, therefore, a citizen of Kansas. (Petition ¶ 1.)

12. LINA is a Pennsylvania corporation with its principal place of business in Pennsylvania. Therefore, Defendant is a citizen of Pennsylvania under 28 U.S.C. § 1332(c)(1).

13. Plaintiff alleges that Defendant American Eagle Outfitters is a Delaware Corporation with its principal place of business in Pennsylvania. (Petition ¶ 4.) It is, therefore, a citizen of Delaware and/or Pennsylvania.

14. Defendants are not citizens of Kansas, and Plaintiff is not a citizen of Pennsylvania or Delaware.

15. Plaintiff seeks as recovery in this action the "unpaid benefits" and "attorney's fees," as well as other monetary and non-monetary relief. (Petition at 73, 99.)

16. The total of the value of the allegedly due benefits and a potential award of attorney's fees exceeds $75,000 exclusive of interest and costs.

17. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Action is between citizens of different states, with the Defendants not being citizens of the forum state.

18. All Defendants consent to this removal.

19. The United States District Court for the District of Kansas, Kansas City Division is the appropriate court for filing a Notice of Removal because the Action is pending in Douglas County, Kansas.

20. Immediately upon filing this Notice of Removal, LINA will file a copy of this Notice with the Clerk of the District Court of Douglas County, Kansas and will provide written notice to counsel for Plaintiff, all in accordance with 28 U.S.C. § 1446(d).

21. A copy of the file for the Action is attached as Exhibit A in accordance with 28 U.S.C. § 1446(a).

22. Under the provisions of 28 U.S.C. § 1441(b) and any other applicable statutes, with which Defendant is in compliance, this Action is removable to the United States District Court for the District of Kansas.

Consequently, LINA hereby gives notice of the removal of the Action to this Court. LINA designates Kansas City, Kansas as the place of trial.

Respectfully submitted,
STINSON LLP

By  s/Christopher J. Leopold
   William E. Hanna, # 14480
   Christopher J. Leopold, # 19638
   1201 Walnut, Suite 2900
   Kansas City, MO  64106
   816.842.8600 / 816.691.3495 [F]
   william.hanna@stinson.com
   chris.leopold@stinson.com

Attorneys for Defendant
Life Insurance Company of North America

CERTIFICATE OF SERVICE

I certify that on September 16, 2022, the foregoing was filed with the Court's ECF system, and that a copy of this document was sent by email and mail to the following:

Kyle Sciolaro, ksciolaro@burnettdriskill.com, Derrick Pearce, dpearce@burnettdriskill.com, Burnett Driskill, 103 W. 26th Ave., Suite 290, North Kansas City, MO 64116, Attorneys for Plaintiff

                                s/Christopher J. Leopold
                                Attorney for Defendant LINA